UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MALIBU MEDIA, L.L.C.,

        Plaintiff,

Case No. 15-11139

Honorable John Corbett O'Meara

v.

JOHN DOE, Subscriber Assigned IP Address 107.5.212.218,

        Defendant.
                                 /

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND TO QUASH AND GRANTING LEAVE TO PROCEED ANONYMOUSLY

    This matter came before the court on defendant John Doe's May 18, 2015 motion to dismiss and to quash subpoena, or in the alternative, for leave to proceed anonymously. Plaintiff Malibu Media filed a response June 8, 2015; and Defendant filed a reply June 22, 2015. Pursuant to Local Rule 7.1(f)(2), no oral argument was heard.

## BACKGROUND FACTS

    Plaintiff Malibu Media filed this suit March 26, 2015, against defendant John Doe, identified only by the Internet Protocol ("IP") address "107.5.212.218," alleging that Defendant illegally downloaded numerous adult movies using BitTorrent technology and thereby infringed Malibu's copyrights to the movies. Malibu obtained leave from the court to serve a subpoena on Comcast, Defendant's internet service provider, asking for information regarding Defendant's identity. Defendant fears that if Malibu obtains this information, it will file an amended complaint identifying the account holder by name and publicly accusing that named individual not just of infringing its copyrights, but of being a persistent and habitual BitTorrent user and infringer.

Defendant contends that Malibu "really has no idea whether Defendant actually infringed any of its alleged copyrights in the movies that form the basis of its Complaint or whether Defendant actually is a persistent and habitual BitTorrent user and infringer, as Defendant is alleged to be. All Malibu claims to know is that Defendant's IP address was used to download the movies." Def.'s mot. br. at 1-2.

Defendant argues that Malibu has alleged facts insufficient to state a claim and seeks dismissal of the complaint, as well as seeking to quash the subpoena issued to Comcast. In the alternative, Defendant requests that the matter proceed without disclosure of defendant John Doe's identity.

## **LAW AND ANALYSIS**

In analyzing a Rule 12(b)(6) motion to dismiss, "The court must accept all well-pleaded factual allegations as true and construe the complaint in a light most favorable to the plaintiff." Kelly v. City of Memphis, 230 F.3d 1358 (6th Cir. 2000). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Malibu Media, L.L.C. v. Doe, 2013 WL 3945978, at *4 (E.D. Mich. July 31, 2013), citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

"To establish infringement, two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." Feist Publ'n, Inc. v. Rural Tel. Serv. Co., Inc., 499 U.S. 340, 361 (1991). In this case Plaintiff has alleged that it is the registered owner of the copyrights at issue. As to the second element, Plaintiff has properly alleged infringement by the defendant. The complaint is supported by factual allegations describing the BitTorrent protocol and the process by which Defendant's IP address was detected infringing the copyrighted movies. By describing in detail the operation of the BitTorrent protocol and how

Malibu Media determined Defendant's IP address infringed the movies, Malibu Media has alleged sufficient facts to establish a *prima facie* case of infringement. Therefore, the court will deny defendant Doe's motion to dismiss and to quash subpoena.

In its response brief, Malibu Media has stated that is does not object to allowing defendant Doe to remain anonymous. Therefore, the court will order the parties to proceed without publicly identifying Defendant by name.

### ORDER

It is hereby **ORDERED** that defendant Doe's May 18, 2015 motion to dismiss and to quash subpoena is **DENIED.**

It is further **ORDERED** that the parties will proceed without publicly identifying Defendant by name.

<pre>                                        s/John Corbett O'Meara
                                        United States District Judge</pre>
Date: July 27, 2015


I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, July 27, 2015, using the ECF system and/or ordinary mail.

<pre>                                        s/William Barkholz
                                        Case Manager</pre>